IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE L. KLIPFEL and MICHAEL V. CASALI, | ) ) ) | |
| Plaintiffs, | ) ) | No.     94 C 6415 |
| v. | ) ) | Judge MANNING |
| ROBERT RUBIN, et al., | ) ) | Magistrate Judge Levin |
| Defendants. | ) ) | |

**DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS OF DARREN PIPPIN,
JAMES PATE, AND JUAN ANTONIO JUAREZ SUBMITTED BY PLAINTIFFS OR
IN THE ALTERNATIVE FOR ADDITIONAL TIME TO TAKE THEIR DEPOSITIONS**

Defendant City of Chicago hereby moves to strike the affidavits of Darren Pippin, James Pate, and Juan Antonio Juarez submitted by Plaintiffs in support of their response to the City's motion for summary judgment, or in the alternative, to grant the City additional time to take the depositions of these affiants. In support of its motion, the City states:

The Court granted the City until January 26, 2006, to serve its reply to Plaintiffs' 340 additional facts and 110 exhibits. Three of the exhibits are the affidavits of Mr. Pippin, Mr. Pate, and Mr. Juarez, and a review of these affidavits shows that they are improper because they contain hearsay and lack personal knowledge. Moreover, these affidavits are tactically unfair because Mr. Pippin was never disclosed as a police policy witness, and Mr. Juarez was never disclosed as a witness. Because these affidavits are improper, the City requests this Court strike these three affidavits, or in the alternative, to allow additional time for the City to take the depositions of these three affiants. This request is not intended as a dilatory measure, but the City requires additional time, if the affidavits are not stricken, to properly respond to the content

in these affidavits.

### I. The Three Affidavits Submitted By Plaintiffs Should Be Stricken Because They Lack Personal Knowledge And Contain Inadmissible Evidence.

Plaintiffs have submitted 110 exhibits in their response and an additional 340 paragraphs. The vast majority of the additional paragraphs and exhibits are immaterial or improper, and Plaintiffs are clearly struggling to create any issue of fact. Nonetheless, the City raises this motion specifically to the three affidavits from Darren Pippin, Juan Antonio Juarez, and James Pate.[1] These affidavits must be stricken because they contain conclusory assertions not grounded in personal knowledge and based on hearsay. Affidavits used on summary judgment must comply with Rule 56(e) of the Federal Rules of Civil Procedure, which requires that affidavits submitted: 1) "be made on personal knowledge"; 2) "set forth such facts as would be admissible in evidence"; and 3) "show affirmatively that the affiant is competent to testify to the matters stated therein." Further, affidavits cannot rely upon general allegations, but must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

These requirements are "mandatory . . . and the failure to comply with those requirements makes proposed evidence inadmissible during the consideration of a summary judgment motion." *Bee v. Local 719 United Auto Workers*, 744 F. Supp. 835, 836 (N.D. Ill. 1990); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); *Bradley v. Work*, 154 F.3d 704, 707 (7th Cir. 1998) (evidentiary materials containing inadmissible hearsay, lay opinions, speculation, and conclusions submitted in briefing summary judgment motion properly stricken).

In this case, Plaintiffs have made no attempt to reach this standard for their affidavits:

---

[1] The City will address the immaterial and inadmissible paragraphs as well as the exhibits, and will do so in its reply.

1)	Plaintiffs' Exhibit 10 is the affidavit of Darrin Pippin.[2] Plaintiffs disclosed Mr. Pippin as an occurrence witness who allegedly observed defendant Joseph Miedzianowski commit theft and threaten Plaintiff Klipfel. (Plaintiffs' Exhibit 77, Plaintiffs' Response to the City's Interrogatories, p.3). However, in his affidavit, Mr. Pippin claims to have knowledge of "the Chicago Police Department's attitude toward gang members and narcotics organizations." (Plaintiffs' Exhibit 10, ¶ 6). Mr. Pippin also states that "[i]t was generally understood, on the street, that the Chicago Police Department did not prosecute its own officers, regardless of the strength of any evidence." (Plaintiffs' Exhibit 10, ¶ 7). Mr. Pippin testifies in his affidavit that "[t]here is no doubt whatsoever that high ranking members of the Chicago Police Department know of the culture of tolerance within the ranks for illegal activity by the officers. It has been going on for generations and it is common knowledge among the gangs that the Chicago Police Department allows such conduct to continue unchecked." (Plaintiffs' Exhibit 10, ¶ 44). Based on the conclusory and general statements, Mr. Pippin clearly does not, in fact, have any personal knowledge on the operations of the Chicago Police Department.

Additionally, Mr. Pippin's affidavit is replete with hearsay. For example, Mr. Pippin stated that a Chicago Police Officer Rodriguez informed him that he was not concerned about being seen making [drug] deliveries because he was a Chicago Police officer. (Plaintiffs' Exhibit 10, ¶ 8). Hearsay cannot be considered in deciding a motion for summary judgment. *Cooper v. Godinez*, No. 93 C 3887, 1996 WL 101526, *6 (N.D. Ill. March 6, 1996) (Coar, J.). *See also Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 570 n.4 (7th Cir. 1989). Mr. Pippin's affidavit must be stricken because it lacks personal knowledge and contains inadmissible

---

[2] For purposes of this motion, the exhibits attached to this motion have been filed as a group exhibit and have not been renumbered. The numbers assigned by Plaintiffs will be used to simplify the identification of the exhibits attached to this motion.

evidence.

      2)      Plaintiffs' Exhibit 42 is the affidavit of Juan Antonio Juarez. Mr. Juarez was never disclosed as a witness. If a party fails to adequately comply with a discovery request, exclusion of the evidence pursuant to Rule 37© "is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corporation*, 150 F.3d 735, 742 (7th Cir. 1998); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). In accordance with FRCP 37(c)(1), Plaintiffs should not be permitted to use as evidence on a motion any witness or information not disclosed. Plaintiffs failed to provide any justification for their failure to make a timely disclosure, let alone the "substantial justification" required by FRCP 37c(1). *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759 (7th Cir. 2004) (where the court excluded an expert witness who was not disclosed until five months after the close of discovery, through a response to opposing party's motion for summary judgment.).

      Also problematic is the content of Mr. Juarez's affidavit. According to the affidavit, Mr. Juarez is a former Chicago Police officer, but his affidavit contains conclusory statements such as "it was my experience that Chicago Police Officers did not fear discipline from OPS or IAD because they knew that they would be shielded by the code of silence." (Plaintiffs' Exhibit 42, ¶ 5). His affidavit also contains numerous hearsay statements such as "I was told by other Chicago Police Department Officers not ever to break the code of silence and report misconduct of officers because 'you didn't want to make waves.'" (Plaintiffs' Exhibit 42, ¶ 12). Because Mr. Juarez was never identified as a witness in this case, and because the testimony in his affidavit is improper, the affidavit must be stricken.

3) The affidavit of James Pate (Plaintiffs' Exhibit 39) is also replete with hearsay and lacks personal knowledge. Mr. Pate, a writer for the *Soldier of Fortune* magazine, testified in his affidavit that he had numerous conversations with former-Chicago Police Department Assistant Deputy Superintendent Raymond Risley concerning Plaintiffs Klipfel and Casali. These conversations occurred in 1996, four years after the alleged incident, and the affidavit consists of hearsay statements given by Mr. Risley. Because Mr. Pates' affidavit contains inadmissible evidence, his affidavit must be stricken.

## CONCLUSION

The claims against the City are narrow and straightforward. Plaintiffs, by submitting an inordinate number of additional facts and exhibits, have decidedly complicated the matter in an attempt to manufacture some issue of fact to defeat summary judgment. The question of summary judgment will of course be decided by this Court after the City has filed its reply, but because of the tactical unfairness of these affidavits in addition to their failure to comply with Fed. R. Civ. P. 56(e), the City requests that the three affidavits as noted above be stricken. In the alternative, the City requests that it be permitted additional time to take the depositions of these three affiants.

                                  Respectfully submitted,
                                  MARA S. GEORGES
                                  Corporation Counsel for the City of Chicago

By:   /s/ Arnold H. Park
        Arnold H. Park
        Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-6922
Attorney No. 06237837