**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE L. KLIPFEL and MICHAEL V. CASALI, | ) ) | |
| Plaintiffs, | ) | No. 94 C 6415 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| ROBERT RUBIN, *et al.*, | ) | Magistrate Judge Mason |
| Defendants. | ) | |

DEFENDANTS' MOTIONS IN LIMINE
CONCERNING PLAINTIFFS' PROPOSED EXHIBITS

Defendants City of Chicago and Joseph Miedzianowski, by their attorneys, move in limine to instruct plaintiffs, through their attorneys, witnesses and individually, not to mention, refer to, interrogate or introduce evidence concerning, voluntarily answering or attempting to convey to the jury at any time during the proceedings in any manner, either directly or indirectly, plaintiffs' proposed exhibits referred to in these of motions in limine, and in particular, the following items:

**1.     Newspaper or magazine articles and press releases which are inadmissible hearsay under Federal Rule of Evidence 802.**

Plaintiffs have proposed 27 exhibits consisting of magazine or newspaper articles and press releases of varying degrees of relevance to plaintiffs' allegations. All such proposed newspaper or magazine articles and press release exhibits are hearsay as defined by Federal Rule of Evidence 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Therefore, all such proposed exhibits are inadmissible at trial. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) *see also* FRE 802. This Court should prohibit plaintiffs from

introducing as evidence the proposed newspaper or magazine article and press release exhibits attached as **Group Exhibit B**, Plaintiffs' Exhibits:[1] 43; 121; 140; 141; 142; 143; 144; 147; 148; 156; 157; 161; 162; 162.1; 162.2; 162.3; 162.4; 162.5; 162.6; 162.7; 162.8; 162.9; 162.10; 162.11; 162.12; 162.13; and 162.14.

2.      **Unverified statements are also inadmissible hearsay under Federal Rule of Evidence 802.**

Plaintiffs also propose multiple exhibits consisting of reports of interviews, prior testimony, and unverified statements.  Such statements are hearsay unless they fit within the definitions found in Federal Rule of Evidence 801(d), or the exceptions found in Federal Rules of Evidence 803 and 804.  Plaintiffs propose many exhibits consisting of out of court statements which do not fall under these definitions or exceptions, and therefore should not be admitted. See FRE 802.

Both Plaintiffs offer prior statements of their own as proposed exhibits to bolster their claims.  See **Group Exhibit C**, plaintiffs' exhibits 6 (Statement of plaintiff Diane Klipfel), 59 (Statement of Michael Casali), and 60 (Statement of Michael Casali).  Such statements would only be admissible by plaintiffs "to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."  See FRE 801(d)(1)(B).  Plaintiffs' attempt to propose these two personal statements as exhibits is an improper attempt to bolster their own

---

[1]  To avoid confusion and for the Court's efficiency and convenience in these Motions in Limine, Defendants will group together objectionable exhibits into group exhibits designated alphabetically, and will break down within the group exhibits each proposed exhibit by plaintiffs' proposed exhibit number.  Plaintiffs' proposed exhibit list is attached as **Exhibit A.**

testimony, and this Court should bar these statements from admission by the plaintiffs.[2]  *Smith v. Potter*, 445 F.3d 1000, 1009 (7th Cir. 2006).

Plaintiffs also attempt to offer several reports of interviews, many conducted by plaintiffs themselves, and FBI recorded statements all of which are not verified by the individual declarant. These statements are also inadmissible hearsay under Federal Rule of Evidence 802.  Plaintiffs may claim that such statements fall under exceptions to the hearsay rules, but the foundation for such exceptions must be laid prior to their admission before this Court.  Defendants request that this Court bar the admission of these proposed exhibits until a suitable foundation establishing how each individual statement is either not hearsay under FRE 801, or falls under one of the hearsay exceptions provided under FRE 803 and 804.  For these reasons, Defendants ask that this Court prohibit plaintiffs from moving to admit **Group Exhibit D**, consisting of the following proposed plaintiffs' exhibits:

| | |
|---|---|
| 38 | Report of Interview with John Ruggero on 6/24/1993 by Linda K. Boyd, EEO investigator; |
| 40 | Report of Interview with Patricia Meyer on 11/22/94 signed by Diane Klipfel; |
| 42 | Drawing by Micaela Casali; |
| 46 | Report of Interview with Darrin Pippin on 7/7/95; |
| 47 | Report of Interview with Darrin Pippin on 7/9/95; |
| 48 | Report of Interview with Darrin Pippin on 3/26/96; |
| 49 | Report of Interview with Darrin Pippin on 5/28/96; |

---

[2]  It is important to note that plaintiffs' personal statements would be admissible by the defendants under Federal Rule of Evidece 801(d)(2) as an admission by a party-opponent. Defendants wish to reserve the right to admit these statements, but to prohibit the plaintiffs from seeking their admission.

57      Copy of notes regarding Miedzianowski, 5/31/92;

67      Report of Interview with John Kline, 8/12/93;

76      Anonymous document entitled "Very Important" sent to Congressman Fawell on 6/6/95;

76.1    Anonymous 6/6/95 facsimile sent to Carol Marin and Congressman Fawell;

78      FBI 302 report by SSA Neal E. O'Malley of information provided by Lt. Daniel D. Sampila on 3/25/99;

80      FBI 302 report by SA James M. Szczepanski and SSA Neal E. O'Malley of information provided by Sgt. Edmund M. Stack on 2/24/99;

118     FBI 302 report by SA Patrick J. Loll and SA Angela M. Haun of information provided by Eugene S. Karczewski on 11/21/00;

128     Unverified and undated Statement of Hector Hernandez;

129     FBI 302 report by SA Patrick J. Loll of information provided by Hector Hernandez on 8/25/99;

129.1   Unverified and undated Statement of Hector Hernandez;

135     Notes of Conversation with Jimmy Adamick by Cooper and Kalkman, dated January 8, 1993;

139     FBI 302 report by SA Patrick J. Loll and SA Joan Marie Hyde of information provided by Philip J. Cline;

150     FBI 302 report by Angela M. Haun of information provided by Mohamed Omar on 6/20/2001 and 6/21/2001;

151     FBI 302 report by SA Patrick J. Loll of information provided by Nelson Padilla on 7/23/1999 and 7/26/1999; and

152     FBI 302 report by SA Patrick J. Loll of information provided by John Mebust on 1/05/2000.

Should plaintiffs wish to introduce the information contained in these statements, it is

required by the Federal Rules of Evidence that they call the individuals involved to testify. These

-4-

statements are unverified.  Beyond this, none of the declarants in these statements were subject to cross examination by the defendants, making them unreliable for submission to the jury, and meaning admission would violate the defendants' Sixth Amendment rights.  This Court should prohibit plaintiffs from introducing the statements in Group Exhibit D into evidence.

3.      **Prior testimony is also hearsay when not offered as proper impeachment or when a witness is not shown as unavailable.**

Plaintiffs have listed as exhibits several examples of prior testimony by non-parties. These statements are also inadmissible hearsay under Federal Rule of Evidence 802.  Plaintiffs may claim that such statements fall under exceptions to the hearsay rules, but the foundation for such exceptions must be laid prior to their admission before this Court.  Defendants request that this Court bar the admission of these proposed exhibits until a suitable foundation establishing how each individual statement is either not hearsay under FRE 801, or falls under one of the hearsay exceptions provided under FRE 803 and 804.  Beyond this, none of the declarants in these statements were subject to cross examination by the defendants, making them unreliable for submission to the jury, and meaning admission would violate the defendants' Sixth Amendment rights. For these reasons, Defendants ask that this Court prohibit plaintiffs from moving to admit **Group Exhibit E**, plaintiffs' exhibits 127; 128; 131; 138.1.

4.      **Pleadings and reported court decisions in outside cases.**

Plaintiffs have listed several pleadings and pleas not related to the current parties in this case as proposed exhibits for admission.  Such outside pleadings are also hearsay under FRE 802 as they are outside statements offered to prove the truth of the matter asserted.  Such statements have not been subjected to cross examination and are not verified, and therefore cannot fall

outside the definition of hearsay and are inadmissable. Plaintiffs have also proposed exhibits of stipulations entered with the ATF in separate proceedings, where the current defendants were not represented and to which the current defendants never stipulated. Many of the proposed exhibits pertain to third party witnesses, and are not relevant to this case under FRE 401 as the proposed exhibits tend to make no facts of consequence in this case more probable. (See plaintiffs' exhibits 126, 159, and 160). Defendants ask the Court to bar plaintiffs from seeking to admit the exhibits contained in **Group Exhibit F**, plaintiffs' exhibits:

68    Agency's (ATF's) Response to Appellant's Motion to Dismiss the Agency's Motion to Certify an Interlocutory Appeal;

69    ATF Stipulations, *Michael V. Casali v. US Department of the Treasury*, MSPB Docket Number CH-1221-96-0936-W-1;

70    Initial Decision, issued by Judge Stephen Manrose on 2/28/97, MSPB Docket Number CH-1221-96-0936-W-1;

73.1    Stipulation of AUSA Stephen Sinnot entered in MSPB Docket Number CH-1221-96-0936-W-1;

81    Sixth Superceding Indictment against Joseph Jerome Miedzianowski, Mohamed Omar, and John F. Galligan, No. 98 CR 923, (N.D. Ill. Jan. 8, 2001);

126    Raymond Risley's Petition to Enforce the City of Chicago Consent Decree in *Alliance to End Repression v. City of Chicago*, No. 74 C 3268 (N.D. Ill. Oct. 25, 1999); and

146    *McLin v. City of Chicago*, 742 F.Supp. 994 (N.D. Ill 1990) (J. Rovner ruling on Motion to Dismiss);

153    Guilty plea of Nelson Padilla in No. 98 CR 923;

154    Guilty plea of Samuel Castro in No. 98 CR 923;

155    Guilty plea of John F. Galligan in No. 98 CR 923;

159    ATF report of 16 civil suits against Special Agent Kimberly McDavid Morton;

and

160    Documents related to the employment suspension of ATF SA Kimberly R.
       Morton.

5.    **Expert Reports.**

Plaintiffs list their expert reports as proposed exhibits.  While plaintiffs may enter

testimony of their experts with the approval of this Court, the individual reports of the proposed

experts themselves are inadmissable hearsay under FRE 802.  See also *Bucklew v. Hawkins, Ash,*

*Baptie & Co., LLP*, 329 F.3d 923, 927 (7th Cir. 2003).  Additionally, plaintiffs have included the

supporting material relied upon by their retained experts as part of their proposed exhibits.  This

material may be inadmissable, and should not be allowed to be admitted without independent

foundation and relevance being laid.  See FRE 703.  Defendants ask this Court to bar plaintiffs

from seeking to introduce their retained experts' reports, attached in **Group Exhibit G**,

plaintiffs' exhibits:

163    Preliminary Expert Report of Lou Reiter and Supporting Documents;

164    Expert Report of Robert Sanders and Supporting Documents;

165    Expert Report of Dr. Frank Leavitt (Supporting Documents with sensitive
       material redacted); and

166    Expert Report of Dr. Stan Smith and Supporting Documents.

6.    **Unrelated Law Enforcement Reports.**

Plaintiffs have indicated that they wish to introduce four separate independent reports

concerning law enforcement that are not relevant to the case at bar, and would constitute hearsay

even if they were.  The defendants ask this Court to bar admission of these reports (attached as

**Group Exhibit H**) as hearsay, as they are out of court statements offered to prove the truth of the

matters asserted, and therefore inadmissible under FRE 802, and because they are not relevant

and admissible under FRE 401.

Plaintiffs list as a proposed exhibit number145 the December 2005 Department of Justice,

National Institute for Justice, Enhancing Police Integrity, which is the Department of Justice

report of its study attempting to measure a police agency's "integrity" and their means for this

measurement. The Report is not relevant to this case in time frame, as plaintiffs' allegation

concern events in 1992, 13 years prior to the Report's publication, or subject matter, as the

Report's own listing of its limitations states that it does not deal with agencies in the Midwest or

West. Additionally, the Report's authors based their findings on the anonymous responses to

hypothetical scenarios, summarizing them in the Report's findings and conclusions, meaning that

the Report is itself hearsay consisting of the culmination of hearsay statements. This Court

should bar plaintiffs from attempting to admit exhibit number 145.

Plaintiffs also propose exhibit 149, the "Webb Report", which is the report of the

commission led by former U.S. Attorney Dan K. Webb which was appointed by the Mayor of

Chicago on January 7, 1997 to study corruption in Chicago and to make recommendations for

change. The report is not relevant to the plaintiffs' allegations, as it was conceived and released

5 years after the incidents giving rise to plaintiffs' complaint, and deals generally with a study of

police corruption as a whole, not specifically with the allegations concerning First Amendment

rights advanced by the plaintiffs. Additionally, it to would constitute hearsay, as an out of court

statement, and it should not be admitted under FRE 802.

Plaintiffs also propose exhibit 167, the "Christopher Commission Report" (due to the

length of the report defendants attach only the introduction), which is an independent

commission report issued July 9, 1991 and reports the commission's "comprehensive investigation into the use of excessive force by the Los Angeles Police Department and related issues." The report is irrelevant to this case, as it deals with the Los Angeles Police Department, and that department's use of force, which is not at issue in the allegations raised by the plaintiff. It too, is hearsay, and should be excluded under FRE 802.

Finally, plaintiffs' wish to offer as exhibit 168 (due to the length of the report defendants attach only the introduction), the Report of the Special State's Attorney Edward J. Egan into allegations made against Commander Jon Burge and officers under his command in Area 2 and 3 of the Chicago Police Department. This report chronicled the allegations of multiple witnesses that claimed that they were subjected to torture while in custody of the accused officers. This report is not relevant to plaintiffs' allegations as they do not relate to time in custody, or torture, at the hands of Chicago Police Department. To the extent that the report would contain any relevant information it should be excluded under FRE 404(b) as improper propensity evidence and the inclusion of such information would be unfairly prejudicial to the defendants when weighed against the probative value of allowing such unrelated information concerning the department under FRE 403. Finally, this report is again hearsay, offering a summarization of the untested allegations of groups of individuals not subjected to cross examination by the defense. This Court should not allow plaintiffs to offer it into evidence.

**7.      Plastic Rat.**

Plaintiffs have also proposed as an exhibt the plastic rat that plaintiff Diane Klipfel allegedly found on her desk on November 9, 1992. (Plaintiffs' Exhibit 14). Ms. Klipfel admits that she does not know who placed the proposed exhibit on her desk. (9/14/1998 Deposition

Transcript of Diane Klipfel, pp. 130:22-131:4, attached as **Exhibit I**).  Without this information,

Plaintiffs have no means of establishing the foundation of exhibit, nor its relevance to their

allegations in this case.  Defendants ask that this Court bar plaintiffs from mention or

introduction of the plastic rat proposed as plaintiffs' exhibit 14, as its introduction cannot be

shown as relevant under FRE 401, and the introduction of the exhibit or its mention would be

unfairly prejudicial to the defendants, far outweighing any probative value, given its lack of

foundation, under FRE 403.

 WHEREFORE, defendants respectfully requests that plaintiffs and their witnesses and

attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer,

introduce any physical evidence concerning or attempt to convey to the jury at any time during

these proceedings in any manner, directly or indirectly, the subject matter as stated above, and

that each counsel be instructed to warn and caution each and every witness under their control

appearing in their litigation to strictly comply with the ruling of this Court.

 Respectfully submitted,

 s/Stephen P. Baker
 Sara Ellis
 Stephen P. Baker
 Attorneys for the City of Chicago

30 N. LaSalle Street
Suite 1610
Chicago, IL 60602
(312) 744-9332

 Andrea Buford
 Peter Heraty
 Attorneys for Joseph Miedzianowski

Dated: January 3, 2007

-10-