IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE L. KLIPFEL and MICHAEL V. CASALI, )<br>　　　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>ROBERT RUBIN, Secretary, United States )<br>Department of the Treasury, et al. 　　　)<br>　　　　　　　　　Defendants. )  | No. 94 C 6415<br>Honorable Judge Blanche M. Manning |

## TRIAL BRIEF

NOW COMES the Defendant, Joseph Miedzianowski, by and through his attorneys, BUFORD LAW OFFICE, LLC, and submits the following Trial Brief.

## Nature of the case

The plaintiffs allege they were employed as Supervisors with the Bureau of Alcohol Tobacco & Firearms ("ATF"), that they were exemplary employees and that as a result of the named defendants, job actions were taken against them, and they suffered other damages. With respect to the defendant, Miedzianowski, they specifically allege that he had the ability to influence, direct and control the actions of the plaintiff's employers and that he made derogatory statements against them.

The Defendant Miedzianowski has denied the allegations and has set forth a number of affirmative defenses, including 1) the statute of limitations for claims under Section 1983 is two years, that this Court ruled in an opinion on December 7, 1997 that the continuing violation doctrine does not salvage plaintiffs otherwise time barred claims and that therefore, plaintiff's claims are limited to those actions that accrued within two years prior to November 22, 1995 the date plaintiff's filed their Second Amended Complaint., 2) the plaintiff's 1983 claims are barred by the doctrine of qualified immunity, 3) plaintiff's 1983 claims for violation of the First Amendment are barred because plaintiff's were not engaged in protected speech, 4) that plaintiff's 1983 claims are barred because plaintiff's cannot establish that this defendant was acting under color of state law.  As to the defamation claim, this defendant set forth the following affirmative defenses, 1) the Statute of Limitations for a defamation claim is one year, by Court order of December 7, 1997 this Court has ruled that the continuing violation doctrine does not salvage plaintiff's time barred claims, and therefore plaintiff's allegations are limited to one year prior to November 22, 1995, 2) any statements not barred by the statute of limitations were either true or opinions, not allegations of fact, 3) plaintiff's claims of defamation are barred by 745 ILCS 10/2-201, 2-202 and 4) they are based in part upon speech that constitutes conditionally privileged communication.

## Contested facts the evidence will establish

The evidence will establish that defendant Miedzianowski was assigned to ATF, that Miedzianowski and Klipfel had a working relationship that fell apart as a result of Kipfel's being looked upon as a snitch by her employers for reporting her ATF supervisors and co workers for their alleged involvement in illegal and improper activities,  assisting another

employee in bringing charges against her employers, for reporting alleged corruption by police officers assigned to her unit, and that plaintiffs have since sought to lay the blame for their employers actions on the defendants.

The evidence will further establish that Miedzianowski and Casali, during the relevant time period, did not work together and had contact in passing only.

The evidence will further establish that plaintiff's "speech" was made pursuant to their official duties and therefore not protected by the 1st Amendment.

### Theory of defense

The plaintiff's had problems and issues with their employers resulting from violations of company policy, those issues escalated when Klipfel assisted another employee against the interests of her employers, began to report her employers illegal and improper activities and when she started to voice concerns about the Chicago police officers assigned to her unit.

The reasons for plaintiff's alleged damages resulted from job actions taken by their employer, that Miedzianowski could not and did not dictate those actions to plaintiff's employer. Plaintiff's will be unable to establish a nexus between the job actions taken against them by their employers and Miedzianowski. Further, plaintiffs will be unable to establish any "defamatory" statements made by Miedzianowski between November 22, 1994 and November 22, 1995, the relevant statute of limitations time period.

Case: 1:94-cv-06415 Document #: 397-2 Filed: 01/22/07 Page 4 of 4 PageID #:3801

WHEREFORE, Defendant, Joseph Miedzianowski prays this Court find in favor of the defendant, and for any and other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

/s/ Andrea M. Buford
for Defendant, Joseph Meidzianoski

Andrea M. Buford
BUFORD LAW OFFICE, LLC
The Mentor Building
6 East Monroe, Suite 1301
Chicago, Illinois 60603