IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE L. KLIPFEL and MICHAEL V. CASALI, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 94 C 6415 |
| ) | Honorable Blanche M. Manning |
| ROBERT RUBIN, Secretary, United States ) | |
| Department of the Treasury, et al. ) | |
| Defendants. ) | |

## MOTION FOR JUDGMENT ON COUNT II

Now Comes, the Defendant Joseph Miedzianowski, by and through his attorneys, BUFORD LAW OFFICE, LLC, and for its Motion for Judgment on Count II as a matter of law, states as follows:

Plaintiff's allege that the Defendant Miedzianowski violated their constitutional rights. Plaintiff's have presented their case in a 4 week trial and have failed to present any evidence of a constitutional violation by the Defendant, Joseph Miedzianowski.

## LEGAL STANDARD

The standard in governing a Rule 50(a) motion mirrors that employed in evaluating a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530, 133, 150, 120 S.Ct. 2097, 2110 (2000). The standard for directed verdict under Rule 50(a) is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511 (1986). The trial judge must construe the evidentiary record in favor of the non-moving party,

draw all references in its favor, and resist the temptation to weigh the evidence or make credibility determination. *Reeves*, 530 U.S. at 150-151, 120 S.Ct. at 2110.

## ARGUMENT

Plaintiff's claim against Joseph Miedzianowski is that he threatened the Plaintiff's and retaliated against them, and as a result, their First Amendment rights were chilled. However, Plaintiffs have presented no evidence that their First Amendment rights were chilled in any manner as a result of Defendant, Miedzianowski's alleged conduct. In fact, Plaintiffs have presented a wealth of testimony of the evidence to the contrary. Plaintiff Klipfel, testified that she spoke with the news media. (Trial Tr. 206:5-25; 207: 1-22; 301:7-11) [1]. She further testified that she spoke with her supervisors and ATF IAD about her allegations of misconduct by Defendant, Miedzianowski as well as the FBI and the United States Attorney's Office. (Trial Tr. 208: 17-25; 209:1-11; 214: 10-23; 301: 14-22). Plaintiff Casali testified that he spoke with his ATF supervisors, an AUSA, and ATF IAD about allegations of misconduct by Defendant, Miedzianowski, as well as the FBI. (Trial Tr. 860:10-25; 861:1-5; 925:4-17; 973: 1-20). He further testified that he and his wife spoke to their congressman regarding their allegations of misconduct by Defendant Miedzianowski. (Trial Tr. 859:8-25; 860:1-9). Finally, James Pate, an author for Solider of Fortune Magazine, testified that he first contacted Plaintiffs after reading about them in a Time magazine article. (Trial Tr. 1342: 1-23). He further testified that Plaintiffs spoke with him at length about their allegations of misconduct by Defendant Miedzianowski and that they were cooperative in the interviews. (Trial Tr. 1364: 6-17; 1371:2-3; 1376:11-14). Nowhere is there any evidence that Plaintiff's First Amendment rights were chilled as a result of

---

[1] See attachment to the Motion for Judgment filed by the City of Chicago.

Defendant Miedzianowski's alleged threatening and retaliatory conduct.  Thus, Plaintiff's constitution violation claim against Defendant Miedzianowski must fail.

## **CONCLUSION**

Having presented their case over a 4 week trial, Plaintiff's have failed to adduce any evidence that Joseph Miedzianowski chilled their constitutional rights, in fact they have freely exercised their constitutional rights.

Wherefore, Defendant Joseph Miedzianowski, prays this Court enter judgment on Count II in its favor and for any and other relief as this Honorable Court deems just and equitable.

                                              Respectfully submitted,

                                              /s/ Andrea M. Buford
                                                Andrea M. Buford

Andrea M. Buford
BUFORD LAW OFFICE, LLC
The Mentor Building
6 East Monroe, Suite 1301
Chicago, Illinois 60603